IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CORDARYL BELL,                              )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )
                                            )
CITY OF CHICAGO HEIGHTS, SCOTT              )
HERZIC, DAVE LONG, NICK GUIDOTTI,           )
DETECTIVE ROBLES, and OTHER UNKNOWN         )
CHICAGO HEIGHTS POLICE OFFICERS,            )
                                            )
                Defendants.                 )    JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, CORDARYL BELL, by and through his attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO HEIGHTS, SCOTT HERZIC, DAVE LONG, NICK GUIDOTTI, DETECTIVE ROBLES, and OTHER UNKNOWN CHICAGO HEIGHTS POLICE OFFICERS (collectively "Defendant Officers"), states as follows:

### Introduction

1.     This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3.     Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**The Parties**

4.    Plaintiff Cordaryl Bell is a twenty-two year old man from Chicago Heights, Illinois.

5.    The Defendant Officers are employees of the Chicago Heights Police Department.  At all times relevant hereto, they were acting within the scope of their employment and under color of state law.

**Factual Allegations**

6.    On the evening of June 26, 2008, Mr. Bell was riding in a car in Chicago Heights with some friends when someone fired several gunshots at the vehicle.

7.    The driver of the car lost control of the vehicle, causing the car to veer off the road and hit a tree.  Upon impact, Mr. Bell, who was in the front passenger seat, was propelled into the car's windshield, arms first.

8.    Fearful that shooter was still in the vicinity, Mr. Bell got out of the car and began running toward the apartment of a friend who happened to live nearby.  At the apartment building, Mr. Bell encountered Defendant Chicago Heights Police Officers Herzic and Robles.

9.    Mr. Bell explained to the officers that he had just almost been shot, that he had been in a serious car accident, and that he had hurt his arm going through the windshield.

2

10. Instead of taking Mr. Bell to the hospital, the Defendant Officers put Mr. Bell in handcuffs and took him to the Chicago Heights police station. Mr. Bell had done nothing to warrant being arrested.

11. At the station, Defendant Officers interrogated Mr. Bell at length about the shooting, asking him for the name of the shooter or shooters. Mr. Bell told the officers repeatedly that he did not know who shot at the car, but the officers nevertheless demanded that Mr. Bell tell them who was responsible for the shooting.

12. In the meantime, Mr. Bell's arm was in excruciating pain. His wrist was broken, his arm was swollen and bleeding, and there were pieces of glass stuck in his forearm. Mr. Bell asked the Defendant Officers repeatedly for medical attention, but they ignored his requests.

12. After several hours of questioning, the Defendant Officers told Mr. Bell that they had arrested a man named Michael Howard one day prior for robbing a gas station. According to the officers, Mr. Howard was apprehended while fleeing from the scene of the robbery, but Mr. Howard's accomplice had gotten away. The Defendant Officers threatened to accuse Mr. Bell of being Mr. Howard's accomplice in the robbery if Mr. Bell did not tell them who was responsible for the shooting.

13. Because Mr. Bell did not know who was responsible for the shooting, he could not give the officers the information

3

they sought.

14.    Despite Mr. Bell's obvious need for medical attention, the Defendant Officers did not bring him to the hospital until almost 48 hours after his arrest.  At the hospital, Mr. Bell was treated for a broken wrist and puncture wounds to his arm.

15.    Furthermore, it was not until more than three days after Mr. Bell's arrest, on June 30, 2008, that Mr. Bell was brought before a judge for a probable cause hearing.

16.    Mr. Bell had nothing whatsoever to do with the robbery of the gas station.  Nevertheless, based on the Defendant Officers' false statements to prosecutors, Mr. Bell was charged with armed robbery.

17.    Mr. Bell spent more than a year in jail awaiting trial on the false armed robbery charge.  After a two-day trial in August 2009, Mr. Bell was acquitted.

### Count I -- 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

18.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

19.    As described more fully above, the Defendant Officers falsely arrested and unlawfully detained Plaintiffs without justification and without probable cause.

20.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

21.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

22.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in that:

a.    As a matter of both policy and practice, the Chicago Heights Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.    As a matter of both policy and practice, the City of Chicago Heights facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Chicago Heights Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Heights Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Heights Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.     Chicago Heights policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Heights Police Department.  Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

e.     The City of Chicago Heights has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

23.  As a result of the Defendant Officers' conduct and the City's policy and practice, Plaintiff has suffered injury, including emotional distress.

### Count II -- 42 U.S.C. § 1983
### Conspiracy

24.  Each of the Paragraphs of this Complaint is incorporated as if restated fully herein

25.  Before criminal charges were filed against Plaintiff, the Defendant Officers, acting under color of law and within the scope of their employments, entered into an agreement to subject Plaintiff to judicial proceedings unsupported by probable cause to believe that he had committed a crime.

26.  As a result of this agreement, one or more of the Defendant Officers improperly subjected Plaintiff to judicial proceedings unsupported by probable cause.

27.  In furtherance of the conspiracy, one or more of the Defendant Officers committed an overt act and was an

6

otherwise willful participant in joint activity.

28.   As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and he suffered injury, including but not limited to emotional distress.

29.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

30.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Chicago Heights with final policymaking authority.

## Count III -- 42 U.S.C. § 1983
## Denial of Medical Attention

31.   Each Paragraph of this Complaint is incorporated as if restated fully herein.

32.   As described more fully above, Plaintiff was denied necessary medical attention while incarcerated at a Chicago Heights police station.

33.   In this manner, the conduct of Defendant Officers was objectively unreasonable and they were deliberately indifferent to Plaintiff's objectively serious medical needs.

34.   As a result of Defendant Officers' objectively unreasonable conduct and deliberate indifference to Plaintiff's

7

necessary medical needs, Plaintiff suffered damages, including but not limited to physical injury and emotional distress.

35. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Chicago Heights with final policymaking authority.

## Count IV -- 42 U.S.C. § 1983
### Fourth Amendment -- Unreasonable Detention

36. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

37. As described more fully above, Defendant Officers unreasonably seized Plaintiff by detaining him in excess of 48-hours without a *Gerstein* hearing.

38. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Chicago Heights with final policymaking authority.

39. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

40. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with

8

willful indifference to Plaintiff's constitutional rights.

41. As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

## Count V -- State Law Claim
## Malicious Prosecution

42. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

43. In the manner described more fully above, Plaintiff was improperly subjected to judicial proceedings unsupported by probable cause to believe that he had committed a crime.

44. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of his innocence.

45. Specifically, the Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

46. The Defendant Officers made statements regarding Plaintiff's alleged culpability with knowledge that the statements were false and perjured. In so doing, the Defendants fabricated evidence and withheld exculpatory information.

9

47. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

48. As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to emotional distress.

## Count VI -- State Law Claim
### False Imprisonment

49. Each Paragraph of this Complaint is incorporated as if restated fully herein.

50. Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

51. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights and to the rights of others.

52. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered injury, including emotional distress.

## Count VII -- State Law Claim
### Conspiracy

53. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

54. Before criminal charges were filed against Plaintiff, the Defendant Officers, acting within the scope of

10

their employments, entered into an agreement to improperly subject Plaintiff to judicial proceedings unsupported by probable cause to believe that he had committed a crime.

55.    As a result of this agreement, one or more of the Defendant Officers improperly subjected Plaintiff to judicial proceedings unsupported by probable cause.

56.    In furtherance of the conspiracy, one or co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

57.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

58.    As a proximate result of Defendants' conspiracy, Plaintiff suffered injuries, including but not limited to emotional distress.

### Count VIII -- State Law Claim
### Intentional Infliction of Emotional Distress

59.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

60.    In the manner described more fully above, the Defendant Officers engaged in extreme and outrageous conduct.

61.    Defendants either intended that their conduct would cause severe emotional distress to the Plaintiff or knew that there was a high probability that their conduct would cause severe emotional distress to the Plaintiff.

11

62.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

63.   As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to severe emotional distress.

### Count IX -- State Law Claim
### Respondeat Superior

64.   Each Paragraph of this Complaint is incorporated as if restated fully herein.

65.   In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Heights Police Department acting at all relevant times within the scope of their employment.

66.   Defendant City of Chicago Heights is liable as principal for all torts committed by its agents.

### Count X -- State Law Claim
### Indemnification

67.   Each Paragraph of this Complaint is incorporated as if restated fully herein.

68.   Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

69.   The Defendant Officers are or were employees of the Chicago Heights Police Department who acted within the scope

of their employment in committing the misconduct described above.

WHEREFORE, Plaintiff, CORDARYL BELL, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO HEIGHTS, SCOTT HERZIC, DAVE LONG, NICK GUIDOTTI, DETECTIVE ROBLES, and OTHER UNKNOWN CHICAGO HEIGHTS POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendants, as well as any other relief this Court deems appropriate.

### JURY DEMAND

Plaintiff, CORDARYL BELL, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/Elizabeth Mazur
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Elizabeth Mazur
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

13