**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CORDARYL BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CV 1706 |
| | ) | |
| CITY OF CHICAGO HEIGHTS, SCOTT | ) | Honorable Robert M. Dow, Jr. |
| HERZIC, DAVE LONG, NICK GUIDOTTI, | ) | |
| DETECTIVE ROBLES, and OTHER UNKNOWN | ) | |
| CHICAGO HEIGHTS POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT**

NOW COME the Defendants, City of Chicago Heights, Scott Herzic, Dave Long, Nick Guidotti, and Detective Robles, by and through their attorneys, Odelson and Sterk, Ltd., and in answer to Plaintiff's complaint, state as follows:

**Introduction**

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:      Defendants admit that the action was brought pursuant to 42 U.S.C. 1983 but that Plaintiff's rights were not deprived under color of law.**

**Jurisdiction and Venue**

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:      Defendants admit that this Court has jurisdiction.**

1

3.      Venue is proper under 28 U.S.C. § 1391(b).  On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**ANSWER:    Defendants admit that venue is proper.**

## The Parties

4.      Plaintiff Cordaryl Bell is a twenty-two year old man from Chicago Heights, Illinois.

**ANSWER:    Defendants are without sufficient information and belief as to the truth of the allegations contained in this paragraph.**

5.      The Defendant Officers are employees of the Chicago Heights Police Department. At all times relevant hereto, they were acting within the scope of their employment and under color of state law.

**ANSWER:    Defendants admit that Scott Herzic, Dave Long, Nick Guidotti, and Detective Robles are employees of the Chicago Heights Police Department.  The remaining allegations contained in this paragraphs are legal conclusions for which no answer is required.**

## Factual Allegations

6.      On the evening of June 26, 2008, Mr. Bell was riding in a car in Chicago Heights with some friends when someone fired several gunshots at the vehicle.

2

**ANSWER:** **Defendants admit that a person named Cordaryl Bell was riding in a vehicle on June 26, 2008, with two (2) other individuals and shots were fired at this vehicle.**

7.      The driver of the car lost control of the vehicle, causing the car to veer off the road and hit a tree.  Upon impact, Mr. Bell, who was in the front passenger seat, was propelled into the car's windshield, arms first.

**ANSWER:** **Defendants admit only that the car being shot at crashed but deny that Plaintiff was in the front seat and that Plaintiff was propelled into the car's windshield, arms first.**

8.      Fearful that shooter was still in the vicinity, Mr. Bell got out of the car and began running toward the apartment of a friend who happened to live nearby.  At the apartment building, Mr. Bell encountered Defendant Chicago Heights Police Officers Herzic and Robles.

**ANSWER:** **Defendants are without sufficient information and belief as to why Plaintiff ran from the car and where Plaintiff fled when he ran from the car, and therefore, deny same.  Defendants deny that Officer Herzic encountered Plaintiff at an apartment building. Defendants admit that Detective Robles responded to a dispatch of a disturbance and encountered Plaintiff.**

9.      Mr. Bell explained to the officers that he had just almost been shot, that he had been in a serious car accident, and that he had hurt his arm going through the windshield.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

10.     Instead of taking Mr. Bell to the hospital, the Defendant Officers put Mr. Bell in handcuffs and took him to the Chicago Heights police station.  Mr. Bell had done nothing to warrant being arrested.

**ANSWER:     Defendants admit that Plaintiff was taken to the Chicago Heights police station.  Defendants deny the remaining allegations contained in this paragraph.**

11.     At the station, Defendant Officers interrogated Mr. Bell at length about the shooting, asking him for the name of the shooter or shooters.  Mr. Bell told the officers repeatedly that he did not know who shot at the car, but the officers nevertheless demanded that Mr. Bell tell them who was responsible for the shooting.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

12.     In the meantime, Mr. Bell's arm was in excruciating pain.  His wrist was broken, his arm was swollen and bleeding, and there were pieces of glass stuck in his forearm.  Mr. Bell asked the Defendant Officers repeatedly for medical attention, but they ignored his requests.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

12.     After several hours of questioning, the Defendant Officers told Mr. Bell that they had arrested a man named Michael Howard one day prior for robbing a gas station.  According to the officers, Mr. Howard was apprehended while fleeing from the scene of the robbery, but Mr. Howard's accomplice had gotten away.  The Defendant Officers threatened to accuse Mr. Bell of being Mr. Howard's accomplice in the robbery if Mr. Bell did not tell them who was responsible for the shooting.

4

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

13.     Because Mr. Bell did not know who was responsible for the shooting, he could not give the officers the information they sought.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

14.     Despite Mr. Bell's obvious need for medical attention, the Defendant Officers did not bring him to the hospital until almost 48 hours after his arrest.  At the hospital, Mr. Bell was treated for a broken wrist and puncture wounds to his arm.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

15.     Furthermore, it was not until more than three days after Mr. Bell's arrest, on June 30, 2008, that Mr. Bell was brought before a judge for a probable cause hearing.

**ANSWER:**     **Defendants admit that Plaintiff's bond hearing was on June 30, 2008.**

16.     Mr. Bell had nothing whatsoever to do with the robbery of the gas station. Nevertheless, based on the Defendant Officers' false statements to prosecutors, Mr. Bell was charged with armed robbery.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

17.     Mr. Bell spent more than a year in jail awaiting trial on the false armed robbery charge.  After a two-day trial in August 2009, Mr. Bell was acquitted.

**ANSWER:     Defendants deny that Plaintiff spent more than a year in jail awaiting trial on a false armed robbery charge.  Defendants admit that Plaintiff was found not guilty in August 2009.**

## Count I – 42 U.S.C. § 1983
## False Arrest / Unlawful Detention

18.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendants re-incorporate and re-allege their answers to paragraphs 1-17 of this complaint as if incorporated and alleged herein.**

19.     As described more fully above, the Defendant Officers falsely arrested and unlawfully detained Plaintiffs without justification and without probable cause.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

20.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

21.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

22.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in that:

6

a.     As a matter of both policy and practice, the Chicago Heights Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.     As a matter of both policy and practice, the City of Chicago Heights facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Chicago Heights Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Heights Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Heights Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.     Chicago Heights policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Heights Police Department.  Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

e.     The City of Chicago Heights has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**<u>ANSWER</u>:     Defendants deny the allegations contained in this paragraph, including sub-paragraphs a through e.**

23.     As a result of the Defendant Officers' conduct and the City's policy and practice, Plaintiff has suffered injury, including emotional distress.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**


### Count II – 42 U.S.C. § 1983
### Conspiracy

24.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendants re-incorporate and re-allege their answers to paragraphs 1-23 of this complaint as if incorporated and alleged fully herein.**


25.     Before criminal charges were filed against Plaintiff, the Defendant Officers, acting under color of law and within the scope of their employments, entered into an agreement to subject Plaintiff to judicial proceedings unsupported by probable cause to believe that he had committed a crime.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**


26.     As a result of this agreement, one or more of the Defendant Officers improperly subjected Plaintiff to judicial proceedings unsupported by probable cause.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**


27.     In furtherance of the conspiracy, one or more of the Defendant Officers committed an overt act and was an otherwise willful participant in joint activity.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

8

28.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and he suffered injury, including but not limited to emotional distress.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

29.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

30.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Chicago Heights with final policymaking authority.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

### Count III – 42 U.S.C. § 1983
### Denial of Medical Attention

31.     Each Paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendants re-incorporate and re-allege paragraphs 1-30 of this complaint as if alleged and incorporated fully herein.**

32.     As described more fully above, Plaintiff was denied necessary medical attention while incarcerated at a Chicago Heights police station.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

33.     In this manner, the conduct of Defendant Officers was objectively unreasonable and they were deliberately indifferent to Plaintiff's objectively serious medical needs.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

34.     As a result of Defendant Officers' objectively unreasonable conduct and deliberate indifference to Plaintiff's necessary medical needs, Plaintiff suffered damages, including but not limited to physical injury and emotional distress.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

35.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Chicago Heights with final policymaking authority.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

### Count IV – 42 U.S.C. § 1983
### Fourth Amendment – Unreasonable Detention

36.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendants re-incorporate and re-allege paragraphs 1-36 of this complaint as if incorporated and alleged fully herein.**

37.     As described more fully above, Defendant Officers unreasonably seized Plaintiff by detaining him in excess of 48 hours without a *Gerstein* hearing.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

38.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Heights Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Chicago Heights with final policymaking authority.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

39.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

40.     The misconduct described in this County was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

41.     As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

## Count V – State Law Claim
## Malicious Prosecution

42.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendants re-incorporate and re-allege paragraphs 1-42 of this complaint as if incorporated and alleged fully herein.**

43.     In the manner described more fully above, Plaintiff was improperly subjected to judicial proceedings unsupported by probable cause to believe that he had committed a crime.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

44.     These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of his innocence.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

45.     Specifically, the Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

46.     The Defendant Officers made statements regarding Plaintiff's alleged culpability with knowledge that the statements were false and perjured.  In so doing, the Defendants fabricated evidence and withheld exculpatory information.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

47.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

48.    As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to emotional distress.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

**Count VI – State Law Claim**
**False Imprisonment**

49.    Each Paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**    **Defendants re-incorporate and re-allege paragraphs 1-49 of the complaint as if incorporated and alleged fully herein.**

50.    Plaintiff was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

51.    Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights and to the rights of others.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

13

52.     As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered injury, including emotional distress.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**


**Count VII – State Law Claim
Conspiracy**

53.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendants re-incorporate and re-allege paragraphs 1-53 of this complaint as if incorporated and alleged fully herein.**


54.     Before criminal charges were filed against Plaintiff, the Defendant Officers, acting within the scope of their employments, entered in to an agreement to improperly subject Plaintiff to judicial proceedings unsupported by probable cause to believe that he had committed a crime.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**


55.     As a result of this agreement, one or more of the Defendant Officers improperly subjected Plaintiff to judicial proceedings unsupported by probable cause.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**


56.     In furtherance of the conspiracy, one or co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

14

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

57.    The misconduct described in this County was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

58.    As a proximate result of Defendants' conspiracy, Plaintiff suffered injuries, including but not limited to emotional distress.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

**Count VIII – State Law Claim**
**Intentional Infliction of Emotional Distress**

59.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    **Defendants re-incorporate and re-allege paragraphs 1-58 of this complaint as if incorporated and alleged fully herein.**

60.    In the manner described more fully above, the Defendant Officers engaged in extreme and outrageous conduct.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

61.    Defendants either intended that their conduct would cause severe emotional distress to the Plaintiff or knew that there was a high probability that their conduct would cause severe emotional distress to the Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

62. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

63. As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to severe emotional distress.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

### Count IX – State Law Claim
### Respondeat Superior

64. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendants re-incorporate and re-allege paragraphs 1-64 of this complaint as if incorporated and alleged fully herein.**

65. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Heights Police Department acting at all relevant times within the scope of their employment.

**ANSWER:** **Defendants deny committing the acts alleged in the preceding paragraphs. The remaining allegations in this paragraphs are all legal conclusions for which no answer is required.**

66.     Defendant City of Chicago Height is liable as principal for all torts committed by its agents.

**ANSWER:     The allegations contained in this paragraphs are legal conclusions for which no answer is required.**

### Count X – State Law Claim
### Indemnification

67.     Each Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendants re-incorporate and re-allege paragraphs 1-66 of this complaint as if incorporated and alleged fully herein.**

68.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:     The allegations contained in this paragraphs are legal conclusions for which no answer is required.**

69.     The Defendant Officers are or were employees of the Chicago Heights Police Department who acted within the scope of their employment in committing the misconduct described above.

**ANSWER:     Defendants deny that Defendant Officers committed misconduct.    The remaining allegations in this paragraph are legal conclusions for which no answer is required.**

WHEREFORE, Defendants, City of Chicago Heights, Scott Herzic, Dave Long, Nick Guidotti and Detective Robles, respectfully pray that this Honorable Court (1) enter judgment in their favor and against Plaintiff; (2) enter an order denying any and all relief as requested by Plaintiff; (3) award to Defendants their costs of suit and attorney's fees; and (4) grant them such other relief as may be appropriate in the premises.

### First Affirmative Defense
### (Individual Defendants – Qualified Immunity)

1.      Under the totality of the circumstances, a reasonably competent police officer would not have concluded that the Defendants' actions violated Plaintiff's constitutional rights.

2.      The actions of the Defendants, in their individual capacities, were supported by probable cause or, at the very least, the reasonable belief that they were supported by probable cause.

3.      The actions or inactions of the Defendants, in their individual capacities, did not deny Plaintiff medical attention, or, at the very least, Defendants' conduct did not violate clearly established statutory or constitutional rights of Plaintiff which a reasonable officer would have known.

4.      The actions or inactions of the Defendants, in their individual capacities, did not unreasonably detain Plaintiff, or, at the very least, Defendants did not violate clearly established statutory or constitutional rights of Plaintiff which a reasonable person would have known.

5.      The Defendants are therefore entitled to qualified immunity for their actions or inactions.

**Second Affirmative Defense**
**(Defendant City of Chicago Heights – *Monell*)**

There is no municipal custom or policy, and therefore, the City of Chicago Heights cannot be held liable.

**Third Affirmative Defense**
**(All Defendants – Tort Immunity – State Law Claims)**

Pursuant to 745 ILCS 10/2-202 and 745 ILCS 10/2-109, the Defendants are not liable for any act or omission in the execution or enforcement of any law because any act or omission did not constitute willful and wanton conduct.

**Fourth Affirmative Defense**
**(All Defendants – Tort Immunity)**

Pursuant to 745 ILCS 10/2-208 and 745 ILCS 10/2-109, the Defendants are not liable for any injury caused by instituting or prosecuting any judicial or administrative proceeding.

**Fifth Affirmative Defense**
**(All Defendants – Tort Immunity – State Law Claims)**

Pursuant to 745 ILCS 10/2-201 and 745 ILCS 10/2-109, the Defendants are not liable for any injury resulting from any act or omission in determining policy when acting in the exercise of discretion because Defendants were within the scope of their employment and did not act maliciously and/or without probable cause.

**Sixth Affirmative Defense**
**(All Defendants – Tort Immunity – State Law Claims)**

Pursuant to 745 ILCS 10/2-204 and 745 ILCS 10/2-109, Defendants are not liable for an injury caused by the act or omission of another person as they were acting within the scope of their employment.

**Seventh Affirmative Defense**
**(All Defendants – Tort Immunity – State Law Claims)**

Pursuant to 745 ILCS 10/2-213 and 745 ILCS 10/2-102, Defendants are not liable for punitive damages or exemplary damages.

**Eighth Affirmative Defense**
**(All Defendants – Tort Immunity – State Law Claims)**

Pursuant to 745 ILCS 10/4-105, Defendants are not liable for failing to summon medical care as Plaintiff was not observed to be in need of immediate medical care, and Defendants' actions or inactions were not willful and wanton.

**Ninth Affirmative Defense**
**Probable Cause**
**(All Defendants – § 1983 and State Law Claims)**

The actions of Defendants were supported by probable cause to arrest Plaintiff.

**Tenth Affirmative Defense**
**(All Defendants – § 1983 and State Law Claims)**

Defendants did not violate any laws nor constitutional rights of Plaintiff.

20

**WHEREFORE**, the Defendants assert that they are immune from the Plaintiff's claims and are entitled to judgment in their favor and against Plaintiff.

Respectfully submitted,
CITY OF CHICAGO HEIGHTS, SCOTT
HERZIC, DAVE LONG, NICK
GUIDOTTI, and DETECTIVE ROBLES

By:      s/ Leslie Quade Kennedy
         One of their attorneys

Leslie Quade Kennedy
Michael J. McGrath
ODELSON & STERK, LTD.
3318 W. 95th Street
Evergreen Park, IL 60805
(708) 424-5678
Attorney No. 91071