IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CORDARYL BELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 1706 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO HEIGHTS, et al., | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE COOK COUNTY STATE'S ATTORNEY'S OFFICE**

Now comes Plaintiff, Cordaryl Bell, through his attorneys, Loevy & Loevy, and respectfully submits this reply in support of his motion to compel production of documents subpoenaed from the Cook County State's Attorney's Office (SAO).

**Argument**

The SAO has not met its burden of showing that the documents at issue here are covered by the work product doctrine or the deliberative process privilege.

**A.   Work Product**

The SAO concedes that it cannot assert the work product privilege under existing federal or state law because it is not a party to this litigation. *See* Resp. at 6. The SAO nevertheless seeks to avail itself of this privilege by urging this Court to expand Illinois Supreme Court Rule 201(b)(2) and *Fischel & Kahn, Ltd. v. van Straaten Gallery, Inc.*, 189 Ill.2d 579, 591 (2000) so that non-parties may assert the work product privilege. This Court should decline the SAO's invitation to rewrite state law. *See Insolia v. Philip Morris Inc.*, 216 F.3d 596, 607 (7th Cir. 2000) ("Federal courts are loathe to fiddle around with state law.")

Additionally, there is no principled basis for the SAO's request that this Court treat it as a party to this litigation. The work-product privilege "is designed to protect the right of an attorney to thoroughly prepare his case and to preclude a less diligent adversary attorney from taking undue advantage of the former's efforts." *Fischel & Kahn, Ltd.*, 189 Ill.2d at 591. Neither one of these concerns is present here. The SAO has already prepared and tried its case. Plaintiff will in no way be taking advantage of the SAO's efforts by having access to these documents; Plaintiff and the SAO are not adversaries in this case. Rather, Plaintiff seeks to avail himself of records that document events that are disputed in this case.

The SAO is a third-party properly served with a subpoena under Rule 45. It is not a party in this case, nor does it represent a party in this case. For that reason, the work product privilege does not apply.

**B.     Deliberative Process/Executive Privilege**

Although the SAO has cited cases where prosecutors have invoked the deliberative process privilege, those cases are different from the one here. Both of those cases involved FOIA requests served on prosecutors in reference to high-profile criminal investigations and prosecutions. *See Fund for Constitutional Government, v. Nat'l Archives & Records Service*, 485 F. Supp. 1, 13 (D.D.C. 1978) (FOIA request for records of Watergate Special Investigation Force); *Goldstein v. Office of Independent Counsel*, 1999 WL 570862 (D.D.C. July 29, 1999) (FOIA request for FBI documents relating to investigation of Lyndon LaRouche). Whereas the *Fund for Constitutional Government* and *Goldstein* courts had no occasion to consider Plaintiff's need for the document, the Court must do so here.

The SAO documents at issue should be produced because Plaintiff has made a showing of need sufficient to overcome the privilege to the documents at issue. *United States v. Board of Educ. of City of Chicago*, 610 F. Supp. 695, 698 (N.D. Ill. 1985). Unlike the Plaintiffs in *Fund for Constitutional Government* and *Goldstein*, Plaintiff is not seeking public disclosure of these documents; plaintiff would certainly agree to protective order keeping these documents confidential. Instead, he needs these documents to prove a central claim in his case. As Plaintiff explained in his motion, these documents are likely to contain factual information that will shed light on the truth about what really happened in the Chicago Heights police station while representatives from the SAO were there. These documents will also reveal information about the circumstances surrounding the decision to charge him with a crime—facts that could not be more relevant to Plaintiff's malicious prosecution claim. *See Velazquez v. City of Chicopee*, 226 F.R.D. 31, 34 (D. Mass. 2004) (observing the highly relevant nature of prosecutors' notes to a wrongful conviction case and allowing parties to view documents over which prosecutor had invoked deliberative process privilege). Mr. Bell's need to know the circumstances under which defendants persuaded prosecutors to charge him with a crime he did not commit far outweighs the SAO's interest in keeping this information secret.

Additionally, even if SAO could at some point have asserted the privilege, the SAO has since waived that privilege. "Even a pre-decisional, deliberative document sheds the privilege if adopted as the agency position on an issue or if used in dealings with the public." *United States v. Board of Educ. of City of Chicago*, 610 F. Supp. 695, 698 n.1 (N.D. Ill. 1985). Thus, even if the documents at issue are sufficiently "pre-decisional" and "deliberative" as to the decision to charge Mr. Bell, the SAO lost the ability to assert the privilege once it made the decision to charge him.

**Conclusion**

For the foregoing reasons, Plaintiff's motion to compel production of documents subpoenaed from the SAO should be granted.

                                                          s/Elizabeth Mazur
                                                          Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Loevy & Loevy
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Elizabeth Mazur, an attorney, certify that on December 9, 2010, I delivered a copy of this **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF SUBPOEANED DOCUMENTS**, on all counsel of record via the ECF electronic filing system.

                                                          s/Elizabeth Mazur