IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CORDARYL BELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 1706 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| | ) | Magistrate Judge Arlander Keys |
| CITY OF CHICAGO HEIGHTS, et al., | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS
MOTION TO QUASH SUBPOENAS FOR PERSONAL PHONE RECORDS**

Now comes Plaintiff, Cordaryl Bell, through his attorneys, Loevy & Loevy, and submits the following reply in support of his motion to quash subpoena for personal phone records:

**A.  Records From "Plaintiff's" Phone Number**

Plaintiff has attested in this case that he did not have a personal phone at the time of his arrest. Defendants nevertheless argue that they are entitled to eight days' worth of phone records from the phone number (708) 833-5214 because that number was listed on his hospital record. *See* Exhibit A.[1] As Plaintiff recalls it, this number belonged to either his aunt or his mother at some point in the past, but it was not his personal number in June 2008.

The document on which Defendants found this phone number was not prepared by Plaintiff; it was prepared by a hospital. *Id.* In fact, this same number is also in Plaintiff's hospital records for a visit dated October 9, 2006. *Id.* Indeed, all the personal contact information for Plaintiff is identical between the 2006 and 2008 hospital visits. In all likelihood, the phone

---

[1] Although these documents are marked "Confidential" per the protective order in this case, all Confidential Matter and Private Health Information has been redacted from them.

number at issue is probably one that the hospital had in the system for Plaintiff since 2006. It does not necessarily reflect an admission by Plaintiff that the number at issue was his personal phone number in June 2008.

### 1. Defendants Are Not Entitled to Eight Days of Plaintiffs' Phone Records

Even if Plaintiff did use this telephone number, as Defendants insist, Defendants have not justified a request for eight full days of his phone records. There is no particular phone conversation that it at issue in this case. The mere fact that Plaintiff has filed a suit does not mean that Defendants should be allowed to fish through eight days of his personal communications. Additionally, Plaintiff was in police custody for least half of the time period that Defendants are seeking records from this number (from June 27 to June 30). Defendants cannot argue that they are entitled to records of communications that they know are not Plaintiff's.

### 2. A Proposed Solution

Before filing this motion, Plaintiff made every effort to find out what information Defendants were seeking relative to this number, but Defendants would not respond.[2] *See* Mtn. Ex. B. Now that Defendants have finally explained (in briefing on this motion) that they are looking for a link between this phone number and Michael Howard's phone, Plaintiff has a solution to offer: These phone records could be produced to Plaintiff's counsel -- or to the Court for an in camera review -- to see if there are any calls to or from Michael Howard. If so, records of those particular calls may be disclosed, and everything else could be redacted. Proceeding in this manner would give Defendants all the potentially relevant information they seek while preventing an unnecessary intrusion in anyone's privacy.

---

[2] Defendants' characterization of this communication as "burden shifting" is puzzling. In seeking this information, Plaintiff was simply trying to satisfy his Local Rule 37.2 obligations.

2

B.   **Records of Plaintiff's Aunt Lula Dunlap**

Defendants also seek eight days of records for the number (708) 754-7393. Defendants assert that this number belongs to Plaintiff's mother, Kimberly Bell, presumably because it appears on that same hospital record discussed above. *See* Exhibit A. In fact, this is the phone number of Plaintiff's aunt, Lula Dunlap, whose name also appears next to the same number on the hospital record. *Id.*

Upon learning of this subpoena, Plaintiff's counsel promptly informed counsel for Defendants that this number belongs to Ms. Dunlap, who has no connection to this case. Defendants completely disregarded this information, and instead accused Plaintiff (and, by extension, his counsel) of being untrustworthy. *See* Defs' Response at 6 ("Certainly, Defendants cannot be expected to rely on assertions from Plaintiff . . . ."). If Defendants felt that they could not rely on counsel's representations, they could have easily verified the information with a quick internet search. *See* Exhibit B. There is no justification for Defendants' pursuit of phone records belonging to a person who is not involved in this case in any way.

Even if this number did belong to Kimberly Bell, Defendants would not be entitled to eight days of records from this number. Defendants contend that they should have access to these records because Kimberly Bell is a person who might have knowledge of Plaintiff's whereabouts on June 26, 2008, the day of the armed robbery that Plaintiff did not commit. Defendants offer only the most generalized and speculative reasons for why these records could possibly be relevant. *See* Def's Response at 6 ("Defendants believe that this phone number will provide evidence concerning Kimberly Bell and Plaintiff."); *see also id.* ("Phone records may provide impeachment evidence concerning Kimberly Bell and Plaintiff's whereabouts at the time of the armed robbery.").

3

Defendants do not suggest, nor could they, that any particular phone communication involving Kimberly Bell is at issue in this case. Kimberly Bell's personal phone records are no more likely to shed light on disputed facts in this case than are the Defendant Officers' personal phone records. The mere fact that Kimberly Bell will give testimony in this case does not entitle Defendants to rummage through her personal phone records.

### C. Plaintiff's friend, Darlene Bell

Defendants further contend that they are entitled to eight days of personal phone records for Plaintiff's friend, Darlene Bell, because she called 911 on the night that Plaintiff was arrested. To be fair, it appears that the reason Chicago Heights police officers initially arrested Plaintiff is because Darlene Bell called 911 to report that Plaintiff was banging on her front door, saying he had just been shot. For that reason, Plaintiff concedes that Darlene Bell's June 27, 2008 call to 911 is relevant to this case.

The problem for Defendants is that they *already* have a complete record of that call: they have an audio recording of the entire conversation between Ms. Bell and the police dispatcher as well as a record of the number from which Ms. Bell made the call and the time and date that she made the call. Just because Darlene Bell made one single phone call that is relevant to this case, it does not follow that Defendants should be allowed to fish through eight full days of all her personal phone records.

### D. Michael Howard

Plaintiff moved to quash the subpoena for Michael Howard's records because it is the same subpoena as the one for Plaintiff's aunt's records. *See* Pl's Mtn at Ex. A. Plaintiff's only objection to discovery of Mr. Howard's phone records is that they are irrelevant. No one in this case suggests that Plaintiff talked to Mr. Howard over the phone. Further, the eight-day period

4

for records that Defendants seek covers at least four days during which he was in police custody. If there are any communications from Mr. Howard's number on that day, those communications could not have been from Mr. Howard. There can be no argument that those communications are relevant to this case.

### E. Plaintiff's Motion is Proper

Finally, Defendants assert that it was improper for Plaintiff to bring this matter to the Court's attention because he presumably lacks standing to bring a Rule 45 motion to quash. Defendants' argument lacks merit.

With this motion, Plaintiff is trying to prevent Defendants from using discovery for an improper purpose. Plaintiff has an interest in making sure that his relatives do not suffer because he made a decision to assert his rights in court.[3] Plaintiff also has an interest in making sure that Kimberly Bell and Darlene Bell, both of whom are witnesses in this case, are not reluctant to attend depositions for fear that defense counsel will ask them intrusive and embarrassing questions about their private telephone communications that have no relation whatsoever to this case. Thus, Plaintiff has a legitimate stake in opposing Defendants' subpoenas. *See United States v. Segal*, 276 F. Supp. 2d 896, 900 (N.D. Ill. 2003) (government had standing to quash subpoena on third party based on government's interest in preventing undue harassment of its witnesses) (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir.1982)); *cf. Full House Productions, Inc. v. Showcase Productions, Inc.*, 2006 WL 2375463, at *3 (N.D. Ill. Aug. 15, 2006) (defendant moved to quash third party subpoena based on the effect subpoena would have on the relationship between defendant and third party, no standing issue).

---

[3] Counsel for Plaintiff acknowledges and appreciates that she does not represent Kimberly Bell, Darlene Bell, or Lula Dunlap and cannot speak for them here. Counsel nevertheless notes, for what it is worth, that all three individuals are people of modest means who do not have attorneys to fight Defendants' intrusive subpoenas.

5

Defendants' reliance on *Central States v. Transcon Lines*, 1991 WL 152839 (N.D. Ill. Aug. 1, 1991) is misplaced. In *Central States*, the party issuing the subpoena was looking for specific phone communications between two parties, communications that would have been particularly relevant to that case. *Id.* at *3. Additionally, the party issuing the subpoena made a showing that the information could not be obtained elsewhere because the people with knowledge of whether those conversations occurred took the Fifth Amendment at their depositions. *Id.* The Court denied the motion to quash, but only after balancing the parties' need to know the information sought "with the potential for intrusion into confidential matters involving non-parties." *Id.* Here, in contrast, Defendants have not articulated any specific phone communication at issue; they apparently believe they should have full access to personal phone records of persons who might be witnesses in this case and have no concern whatsoever about intrusion into the affairs of third parties. Furthermore, in *Central States*, there was no evidence that the person whose records were subpoenaed had a close personal connection to a party, as does Plaintiff to Kimberly Bell, Darlene Bell, and Lula Dunlap, or that subpoenas might have a chilling effect on these witnesses' willingness to participate in depositions. Thus, *Central States* hardly forecloses Plaintiff from challenging the subpoenas at issue here.

Even if this Court determines that Plaintiff technically lacks standing for this Rule 45 motion, Plaintiff nevertheless submits that it was proper for him to bring this matter to the Court's attention, as he certainly would have had standing to do the same in the form of a Rule 26(c) motion for a protective order. In any event, Plaintiff is legitimately before this Court, seeking the Court's intervention to prevent Defendants from using subpoenas to seek irrelevant personal information and to infringe upon the privacy of the witnesses in this case who are also his relatives and friends.

## Conclusion

For the foregoing reasons, Plaintiff's motion to quash subpoenas for personal phone records should be granted.

RESPECTFULLY SUBMITTED:

s/Elizabeth Mazur
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Elizabeth Mazur
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Elizabeth Mazur, an attorney, certify that on December 13, 2010, I delivered a copy of this **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO QUASH SUBPOENAS FOR PERSONAL PHONE RECORDS**, on all counsel of record via the ECF electronic filing system.

s/Elizabeth Mazur